ELD-006                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2670
_____

UNITED STATES OF AMERICA

v.

MARCUS SPIVEY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:10-cr-00059-003)
District Judge:  Honorable Harvey Bartle III

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2025
Before:  SHWARTZ, CHUNG, and BOVE, Circuit Judges

(Opinion filed June 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marcus Spivey appeals *pro se* from the District Court's denial of his serial motion for compassionate release filed pursuant to 18 U.S.C. § 3582. We will summarily affirm.

Spivey robbed several Philadelphia and Montgomery County McDonalds restaurants in 2009. Following his arrest, he pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to four counts of Hobbs Act robbery, one count of conspiracy to commit the same, and two counts of using and carrying a firearm in relation thereto. For the last of these offenses, he faced mandatory, consecutive terms of seven and 25 years' imprisonment under the version of 18 U.S.C. § 924(c) then in effect, resulting in a guidelines range of 471 to 492 months. The District Court departed from that range and sentenced him to 300 months in prison. Spivey did not appeal.

Spivey's subsequent attempts to obtain relief under 28 U.S.C. § 2255 were unsuccessful. While those collateral proceedings were still underway, Spivey filed two motions for compassionate release based largely upon the length of his sentence, the purported inadequacy of dental care he received in prison, and his efforts toward rehabilitation. The District Court separately denied both motions. Spivey appealed the latter order, but the case was dismissed after he failed to file a brief. *See United States v. Spivey*, C.A. No. 24-1713, Doc. 9 (3d Cir. Sept. 16. 2024) (order).

Spivey filed the underlying motion for compassionate release—his third—in May 2025, reiterating many of the arguments he raised in his prior motions. The District Court again denied relief. To the extent Spivey relied upon changes to Section 924(c) that would have resulted in a shorter sentence had they applied at the time of his sentencing, the court explained that they "cannot be considered in the analysis of whether

2

extraordinary and compelling circumstances make a prisoner eligible for compassionate release." *See* ECF Doc. 360 at 2-3 (quoting *United States v. Rutherford*, 120 F.4th 360, 380 (3d Cir. 2024), affirmed, 146 S. Ct. 1320, 1326 (2026)).  Nor was the court persuaded that Spivey's "disadvantaged and misguided youth," rehabilitation efforts, or current conditions of confinement warranted a sentence reduction.  *See id.* at 3-4.  With respect to Spivey's health-related claims, the court gleaned from his medical records that he generally is in good health and rarely seeks medical treatment; although Spivey received dental care for cavities on several occasions, the court noted that he also repeatedly has refused a dentist's recommendation that one unsalvageable tooth be extracted.  *See id.* at 4.  Lastly, the court found Spivey's claim that he alone can serve as caregiver to his middle-aged father as he undergoes treatment for cancer belied by the sheer number of family and community members who have written on Spivey's behalf. *See id.*

Spivey timely sought reconsideration, "recapping" arguments relating to his Section 924(c) conviction and highlighting previously submitted documentation concerning his family members' health difficulties and his own rehabilitation efforts and "release plan."  *See* ECF Doc. 361 at 2-10.  The District Court denied his motion without further discussion.  Spivey appealed, and the Government moved for summary affirmance and to be excused from filing a brief.  We held this matter in abeyance pending the United States Supreme Court's resolution of *Rutherford v. United States*, 608 U.S. ___, 146 S. Ct. 1320, 1326 (2026), which asked "whether the sentencing disparity created by Congress's nonretroactive change to § 924(c)'s mandatory penalties can serve

3

as an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a reduction." The Supreme Court has now clarified that it cannot. *See id.* Spivey concedes[1] that *Rutherford* forecloses one of his grounds for relief, but he maintains that other factors independently justify his early release.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a District Court's order denying a motion for compassionate release for abuse of discretion and will not disturb that decision unless the District Court "committed a clear error of judgment." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (citation omitted). Orders denying reconsideration likewise are reviewed for abuse of discretion. *See United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999)). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Spivey objects that the Government's request is premature and that summary action is not appropriate because he has not "had the opportunity to present issues and supporting arguments in his opening brief." *See* C.A. Doc. 10 at 4; *see also* C.A. Doc. 19 at 4-6 (reiterating demand for merits briefing). Spivey's objections are misplaced. Our Local Rules contemplate the summary resolution of appeals on a party's motion or on the Court's own initiative. *See* 3d Cir. L.A.R. 27.4(a). The rules also expressly provide that

---

[1] In accordance with our abeyance order, the Government has addressed the impact of *Rutherford* on this case in a supplemental motion for summary affirmance. We grant Spivey's motion to accept his response as timely filed.

such motions typically "should be filed before appellant's brief is due." 3d Cir. L.A.R. 27.4(b). "Before taking summary action, the court will afford the parties an opportunity to submit argument in support of or in opposition to such disposition if briefs on the merits have not already been filed." 3d Cir. I.O.P. 10.6. The Government has adhered to our Local Rules in filing its motions. And Spivey twice has been afforded an opportunity to submit argument in opposition to summary disposition; indeed, he has had more than six months to "present th[e] issues" to which he vaguely refers. *See* C.A. Doc. 19 at 6. That he has declined to respond to the Government's initial and supplemental motions on their merits is of no moment. We have carefully reviewed the record, and we conclude that Spivey's appeal does not present a substantial question.

A District Court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, *inter alia*, "extraordinary and compelling reasons warrant such a reduction." In this case, the District Court assessed the various grounds for relief proffered by Spivey—some for the second or third time—and found them unavailing. In seeking reconsideration of that decision, Spivey merely rehashed the same arguments and evidence he already had presented to that court. We have identified no legal or factual error in the resolution of Spivey's latest compassionate release motion, and we discern no abuse of discretion in the denial of his motion for reconsideration. Accordingly, we grant the Government's motions, and we will summarily affirm the District Court's judgment.